UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARLOS MONTEZ SMITH,**

    **Plaintiff,**

    **v.**
                                              Civil Action 2:10-cv-1066
                                                 Judge Michael H. Watson
                                                 Magistrate Judge E.A. Preston Deavers

**JUDGE WILLIAM J. CORZINE,** *et al.*,

    **Defendants.**

## ORDER and INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Carlos Montez Smith, who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against the following Defendants in their individual capacity: William J. Corzine, Ross County, Ohio Common Pleas Court Judge; Ty D. Hinton, Clerk of Courts for the Ross County, Ohio Common Pleas Court; George Lavender, Jr., Ross County Sheriff; Officer Sebolt, a state trooper; and an unnamed officer.  This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), which the Court **GRANTS** and Plaintiff's Motion for Default Judgment (ECF No. 4), which the Court **DENIES**.  This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS**

Plaintiff's claims against Defendants Lavender, Hinton, and Judge Corzine. Plaintiff may proceed on the remainder of his claims. This action, however, is **STAYED** pending the resolution of Plaintiff's state court criminal case.

## I. BACKGROUND

Plaintiff, Carlos Montez Smith, alleges that "a 'Carlos Montez Smith' is a strawman, a trademark, . . . and is not a real person." (Compl. 3, ECF No. 1–2). He alleges that Mr. Smith's status as such is a result of two documents that the Iowa Secretary of State approved, UCC-1 Form # P5844472 and the Security Agreement # CMS-042991-SA (the "Agreements"). Plaintiff attaches both of these documents to his Complaint. Plaintiff alleges that pursuant to the United States Code Annotated and the Bill of Rights, the Agreements confer him with "Diplomatic Status under the Uniform Commercial Code, Common Equity Laws, Laws of Admiralty, Commercial Liens and Levies." *Id*. Plaintiff consequently asserts that all courts lack jurisdiction to pursue criminal cases against him.

According to the Complaint, on August 19, 2010, Defendant Sebolt stopped Plaintiff's car and asked him to exit the vehicle. Defendant Sebolt proceeded to handcuff and pat-search Plaintiff, finding nothing illegal on Plaintiff's person or in his car. Defendant Sebolt then searched the passenger in Plaintiff's car, again finding nothing illegal. Defendant Sebolt then read Plaintiff his *Miranda* rights and took Plaintiff and the passenger into custody. Once at the police station, Defendants Sebolt and an unnamed officer (Defendant John Doe) proceeded to perform a body cavity search of Plaintiff against his will and without a search warrant, finding nothing illegal. Plaintiff alleges that Defendants Sebolt and Doe utilized excessive force in performing the search. The search of Plaintiff's passenger produced cocaine.

Plaintiff was indicted in state court on October 1, 2010, for complicity to possession of

cocaine. The court set Plaintiff's bail at $75,000. Plaintiff filed his Agreements with Defendant Hinton to cover this amount, but Defendant Hinton refused to accept the Agreements as legal tender. At Plaintiff's state court arraignment, Defendant Judge Corzine refused to recognize Defendant's diplomatic status and raised Plaintiff's bond to $350,000. Plaintiff alleges that Defendant Lavender also refuses to acknowledge his immunity and unlawfully continues to detain him. Plaintiff is currently a pretrial detainee. His trial is scheduled for trial on July 6, 2011.

Plaintiff asserts that Defendants Sebolt and Doe violated his Fourth Amendment rights when they stopped his car, searched his person, and arrested and detained him, all without probable cause. In addition, he asserts that Defendants Sebolt and Doe utilized excessive force in performing the search. He brings his claims against Defendants Sebolt and Doe in their individual capacities only, seeking monetary damages. He asserts Defendant Hinton violated his constitutional rights by hiding Plaintiff's Agreements and by failing to accept the Agreements as bailment for Plaintiff's bond. Plaintiff further asserts that Defendant Lavender is liable for his continued, unlawful detention. Finally, Plaintiff asserts that Defendant Judge Corzine violated his constitutional rights for failing to recognize his diplomatic status, immunity, and sovereignty and also for setting excessive bail.

## II. STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>  \*  \*  \*
>
> (B) the action or appeal--
>
>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

 To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a).  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to

---

[1]Formerly 28 U.S.C. § 1915(d).

4

relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, when considering a *pro se* plaintiff's complaint, a court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (internal citation omitted). A court is also not required to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

### III. ANALYSIS

**A. Initial Screen**

**1. Plaintiff's Claims Against Defendants Lavender, Hinton, and Judge Corzine**

The undersigned finds that the claims Plaintiff asserts against Defendants Lavender, Hinton, and Judge Corzine are frivolous. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id*. at 327–28. Here, Plaintiff's claims against these Defendants rely on "fantastic or delusional" allegations *and* are premised upon "indisputably meritless" legal theories. Specifically, his claims against these Defendants are premised upon

5

his irrational and delusional allegation that he "is a strawman, a trademark . . . and is not a real person" and also his indisputably meritless legal conclusion that the Agreements confer him "Diplomatic Status under the Uniform Commercial Code, Common Equity Laws, Laws of Admiralty, Commercial Liens and Levies." (Compl. 3, ECF No. 1–2). Because the undersigned concludes that Plaintiff has failed to advance any arguable legal claims that are based upon rational facts against Defendants Lavender, Hinton, and Judge Corzine, the undersigned **RECOMMENDS** that the Court dismiss Plaintiff's claims against these Defendants as frivolous pursuant to Section 1915(e)(2)(B)(i).

Moreover, Defendant Judge Corzine is entitled to immunity. It is well settled that a judge acting in a judicial capacity has absolute immunity from civil suits for monetary damages. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 9–12, (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115–16 (6th Cir. 1997). Here, Plaintiff complains of Judge Corzine's judicial acts. Thus, the undersigned **RECOMMENDS** that the Court dismiss Plaintiff's claims against Defendant Judge Corzine for this additional reason.

    **2.**    **Claims against Defendants Sebolt and John Doe**

Plaintiff's 42 U.S.C. § 1983 claims against Defendants Sebolt and Doe, including his Eighth Amendment excessive force claim and his Fourth Amendment claims for unlawful search and false arrest, survive the initial screen. For the reasons explained below, however, the Court **STAYS** this action pending resolution of Plaintiff's state court criminal proceedings.

If Plaintiff had already been convicted of the charged crime, his Fourth Amendment claims would face a potential bar under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a*

6

*conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). Thus, if Plaintiff had been convicted, and if his claims would imply the invalidity of his criminal conviction, those claims would be *Heck*-barred.

The Supreme Court, however, has declined to extend *Heck* to actions which would impugn an anticipated future conviction. *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Thus, *Heck* imposes no bar where, as here, the plaintiff is a pre-trial detainee and there has been no conviction. The *Wallace* Court explained why such an extension of *Heck* is impractical, using a false arrest claim as an example:

> In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn the verdict, . . . all this at a time when it can hardly be known what evidence the prosecution has in its possession. And what if the plaintiff (or the court) guesses wrong, and the anticipated future conviction never occurs, because of acquittal or dismissal?

*Id*. (internal citation omitted).

Instead, the *Wallace* Court advised that where a pretrial detainee's § 1983 action may impugn a future conviction, a stay of the civil proceeding pending the outcome of the parallel state-court criminal proceeding may be appropriate:

> If a Plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace*, 549 U.S. at 393–94 (citations omitted). If a court decides to stay such an action, the *Wallace* Court explained that "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will

proceed, absent some other bar to suit." *Id*. at 394 (citations omitted).

The Court finds that it is appropriate to stay this action pending the resolution of the state court criminal proceeding. Plaintiff's Fourth Amendment unlawful search and arrest claims, if successful, could impugn a future conviction. *See, e.g.*, *Jacob v. Township of West Bloomfield*, 192 F. App'x 330, 334 (6th Cir. 2006) (holding that any Fourth amendment claims arising out of searches occurring prior to Plaintiff's guilty plea an incarceration were precluded by *Heck* on the grounds that a civil suit holding that these searches were improper would undermine the basis of the guilty plea and sentence). The Court, therefore, **STAYS** the instant action pending the outcome of Plaintiff's criminal case. The parties are **DIRECTED** to file a written status report following the resolution of Plaintiff's state court criminal case. If Plaintiff is ultimately convicted, the Court will "consider whether a judgment in favor of [Plaintiff] would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. If Plaintiff's claims would render his conviction or sentence invalid, the Court will dismiss the action pursuant to *Heck*, subject to refiling if Plaintiff "can demonstrate that the conviction or sentence has . . . been invalidated." *Id*. If Plaintiff is acquitted, or if his claims would not impugn the validity of his conviction, the Court will lift the stay, permitting Plaintiff to proceed.

**B.** **Motion for Default Judgment**

The Court **DENIES** Plaintiff's Motion for Default Judgment. (ECF No. 4.) Plaintiff incorrectly relies on Federal Rule of Civil Procedure 12 as a basis for his Motion, which has no application at this stage of the proceeding. Instead, Federal Rule of Civil Procedure 55 sets forth the two-step sequential procedure obtaining default judgment. Here, default judgment is premature because Defendants have not yet been served with the Complaint.

**C.** **Motion for Leave to Proceed** *In Forma Pauperis*

The Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* under 28 U.S.C. § 1915(a)(1) and (2).  (ECF No. 1.)  Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently possesses insufficient funds to pay the full filing fee.  Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (CIN: 0110004066) at Ross County Jail is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.  *See* 28 U.S.C. § 1915(b)(2); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## IV. CONCLUSION

For the above reasons, pursuant to the Court's initial screen, it is **ORDERED** that Plaintiff may proceed on his Eighth Amendment excessive force claim and his Fourth Amendment unlawful search and arrest claims against Defendants Sebolt and Doe. This case is **STAYED**, however, pending resolution of Plaintiff's state court criminal case. In addition, the parties are **DIRECTED** to file a written status report upon the conclusion of Plaintiff's state court criminal case. The undersigned **RECOMMENDS**, however, that the Court **DISMISS** Plaintiff's claims against Defendants Lavender, Hinton, and Judge Corzine as frivolous pursuant to Section 1915(e)(2)(B)(i).

Additionally, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis.* (ECF No. 1.) The United States Marshal is **DIRECTED** to serve by certified mail upon Defendants a summons, a copy of the Complaint, and a copy of this Order and Initial Screen Report and Recommendation.

Finally, the Court **DENIES** Plaintiff's Motion for Default Judgment as premature. (ECF No. 4.)

## V. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: June 23, 2011  /s/ *Elizabeth A. Preston Deavers*
                      Elizabeth A. Preston Deavers
                      United States Magistrate Judge